IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05452-PAB

JOEL RIVERA FLEITES,

Petitioner,

v.

JUAN BALTAZAR,

Respondent.

---

# ORDER

---

This matter comes before the Court on petitioner Joel Rivera Fleites's *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1].[1] Respondent has filed a response. Docket No. 10.

## I. BACKGROUND[2]

Petitioner is a native of Cuba who is currently an immigration detainee at the Aurora Detention Center in Aurora, Colorado. Docket No. 1. He brings this habeas corpus action to challenge his arrest and resulting detention. Petitioner asserts one

---

[1] Because petitioner is proceeding *pro se*, the Court construes his filings liberally without serving as an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Petitioner asserts factual allegations and legal arguments in his habeas petition. Docket No. 1. Respondent does not dispute the factual allegations or legal arguments. Docket No. 10. Respondent states he "is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1. "Respondent recognizes that the Court may then decide to grant the Petition and award appropriate relief." *Id.* Thus, the Court accepts as true the facts alleged in the habeas petition.

claim: "Fifth Amendment Due Process – Unlawful Civil Immigration Detention." *Id.* at 2. Petitioner contends "he was arrested without a warrant under circumstances inconsistent with 8 U.S.C. § 1357(a)(2), the Fourth Amendment, and applicable federal law." *Id.* As relief, petitioner requests immediate release from custody without monetary bond subject to reasonable lawful noncustodial conditions. *Id.* at 4.

On November 13, 2026, respondent filed a response. Docket No. 10. Respondent does not oppose the petition. *Id.* at 1. Respondent states that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, release Petitioner from detention." *Id.* (emphasis in original) (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

In *Santillan Quiroz v. Mullin*, the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. 180 F.4th at 1232. According to petitioner, he is a lawful permanent resident of the United States; he first entered the United States on April 1, 2008; after a three-day trip to Cuba to visit his mother, he was detained at the airport by immigration authorities without a warrant on July 12, 2026, and has remained in immigration custody since that date; his immigration proceedings commenced on July 16, 2026, and are ongoing; and that he has not been afforded an immigration bond hearing. Docket No. 1 at 5-6. Based on these circumstances and because respondent

does not dispute that petitioner is detained pursuant to § 1226(a), the Court finds that petitioner is detained pursuant to § 1226(a). *See, e.g., Abreu v. Mullin, et al.,* 2026 WL 3152135, at *1 (D. New Mexico Oct. 21, 2026) (concluding that petitioner was detained under § 1226(a) where he was lawful permanent resident and was arrested and detained upon attempting to re-enter the Unite States); *see also Blanche v. Lau,* 609 U.S. 1, 5 (2026) ("lawful permanent residents generally must be regarded as already admitted to the country" and "usually do not have to reapply for admission when they return from overseas travel.").

Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a warrant issued by the Attorney General"); *see also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."). The Department of Homeland Security regulations likewise permit immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and a Notice to Appear. *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings after a warrant and NTA have issued), *appeal docketed sub nom.*, *Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026). Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary

detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025). "If the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

Without a warrant, the government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216-17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).

According to petitioner's habeas application, he is detained under § 1226(a), not

§ 1225(b), and the government lacks clear and convincing evidence to justify his prolonged detention. *See generally* Docket No. 1. The Court liberally construes petitioner's habeas application to argue that the government did not comply with the requirements of § 1226(a) when it arrested and detained him. Respondent does not provide any argument or set forth any evidence that petitioner's arrest and continued detention are proper under § 1226(a). Docket No. 10. Respondent has therefore waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

The Court finds that respondent did not comply with the requirements of 8 U.S.C. § 1226(a) when they arrested and detained petitioner. The habeas application will be granted as to petitioner's claim that his arrest and continued detention is unlawful under § 1226(a). *Jennings*, 583 U.S. at 302 ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."). Respondent concedes that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, <u>release</u> Petitioner from detention." Docket No. 10 at 2 (emphasis in original). Therefore, the Court will order petitioner released because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*,

2026 WL 1361880, at *6 (quoting *Ahmed M. v. Bondi*, 2026 WL 25627, *3 (D. Minn. Jan. 5, 2026).

**III. CONCLUSION**

Therefore, it is

**ORDERED** that the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondent shall release petitioner from custody within **48 hours** of the issuance of this order, subject to conditions to be set by the Department of Homeland Security. It is further

**ORDERED** that respondent shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody. It is further

**ORDERED** that petitioner's motion to cure filing deficiency [Docket No. 4] is **DENIED** as moot.

DATED November 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge